UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ACYUUIL AIEILIEEA SSHYHBB EIA,

                      Plaintiff,

          -against-

DMV TRAFFIC VIOLATION BUREAU;
NYC DEPT. OF FINANCE; CITY OF NY;
SUPREME COURT OF STATE OF NY;
DMV APPEAL BUREAU,

                      Defendants.
----------------------------------------------------------X

**MEMORANDUM AND ORDER**

25-CV-02359 (NRM) (LKE)

NINA R. MORRISON, United States District Judge:

*Pro se* Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") on April 24, 2025. The Court grants Plaintiff's request to proceed *in forma pauperis* ("IFP"). For the reasons stated below, the complaint is dismissed.

## BACKGROUND

Although Plaintiff's handwritten complaint is at times illegible, as best as can be determined, Plaintiff asserts that their constitutional rights were violated during proceedings in state court when a judgment was entered against them for traffic violations. ECF No. 1 at 4. Plaintiff alleges that they were issued three tickets for traffic violations. They appeared in state court on January 20, 2025, and April 24, 2025. *Id.* at 5. Plaintiff asserts that as a result, they received points on their license, their insurance premiums have increased, he lost multiple days of work, and they are unable to get a TLC driver license for work. *Id.* at 6. For relief, Plaintiff seeks to have the traffic convictions vacated and to receive monetary damages.

## **STANDARD OF REVIEW**

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it, raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Sealed Plaintiff v. Sealed Defendant #1,* 537 F.3d 185, 191-93 (2d Cir. 2008).   At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint.   *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).   A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face."   *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

In addition to requiring the sufficient factual matter to state a plausible claim for relief, pursuant to Rule 8 of the Federal Rules of Civil Procedure, the plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them.  *Iqbal,* 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").  A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice.  *Id.*  (internal quotation marks and alterations omitted).  To satisfy this standard, the complaint must, at a minimum, "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery."  *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (internal

quotation marks omitted).

Furthermore, under 28 U.S.C. § 1915(e)(2)(B), a court must dismiss an *in forma pauperis* complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."

## DISCUSSION

### I.   The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims

"If the [C]ourt determines at any time that it lacks subject-matter jurisdiction, the [C]ourt must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (holding that a district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it" (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))). To the extent that Plaintiff seeks to have this Court intervene in the state court matter and vacate the state court judgment, the Court lacks subject matter jurisdiction to act under the *Rooker–Feldman* doctrine, which holds that federal district courts are prohibited from exercising subject matter jurisdiction over suits that are, in substance, appeals from state court judgments. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414–15 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *see also Hunter v. McMahon*, 75 F.4th 62, 67–68 (2d Cir. 2023) (explaining the *Rooker–Feldman* doctrine).

In *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005), the

Supreme Court limited the application of the *Rooker-Feldman* doctrine to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil*, 544 U.S. at 284. There are four requirements for the *Rooker-Feldman* doctrine's application: (1) the party raising the claim must have lost in state court; (2) his injuries must be caused by the state court judgment; (3) the claim must invite the district court to review and reject the state court judgment; and (4) the state court judgment must have been rendered prior to the commencement of the federal court proceedings. *See Plymouth Venture Partners, II, L.P. v. GTR Source, LLC*, 988 F.3d 634, 641 (2d Cir. 2021).

    Each of these conditions is met in this case. Plaintiff appeared in a state court proceeding and received an unfavorable decision. They allege that they were convicted and received points on their license; therefore, the state-court judgment was entered before this action was commenced. Further, Plaintiff asks this Court to review, intervene, and vacate the judgment of the state court. For these reasons, *Rooker-Feldman* applies, and this Court lacks jurisdiction to review or overturn the prior state court judgment. *See, e.g., El Ex-Relatione Dawes v. Whitehead*, No. 3:18-CV-02033, 2019 WL 5394578, at *7 (D. Conn. Oct. 22, 2019) ("To the extent that Plaintiff seeks to have her driver's license reinstated and collect compensatory and punitive damages from her conviction for failure to insure or register her vehicle, the Court finds that all four factors compelling the application of the *Rooker-Feldman* doctrine are present.").

## II.   Eleventh Amendment Immunity

Plaintiff's claims against the Department of Motor Vehicles and the Supreme Court of the State of New York are barred by the Eleventh Amendment.  "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity."  *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (quotation marks and alteration omitted).  "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state."  *Id.* (quotation marks omitted).  New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983.  *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977); *Powell v. New York,* No. 23-CV-9513 (CS), 2023 WL 9189319, at *1 (S.D.N.Y. Dec. 18, 2023).

Plaintiff's claims against the Department of Motor Vehicles ("DMV"), a New York State agency, and the Supreme Court are barred by the Eleventh Amendment for lack of subject matter jurisdiction.  *Gollomp*, 568 F.3d at 368 (holding that the New York State Unified Court System "is unquestionably an 'arm of the State,' and is entitled to Eleventh Amendment sovereign immunity"); *Rodriguez v. Fed. Bureau of Investigation,* No. 16-CV-6655, 2017 WL 3917156, at *2 (E.D.N.Y. Sept. 6, 2017) (finding plaintiff's claim against the DMV barred by the Eleventh Amendment)

Finally, the Court notes that the New York Department of Finance is a non-

suable entity, *see Little v. City of New York Dept. of Fin.*, No. 20-CV-1979, 2022 WL 4539574, at *3 (E.D.N.Y. Sept. 28, 2022), and Plaintiff fails to state a plausible claim against the City of New York.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis,* is dismissed without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B).  Any state law claims are dismissed without prejudice.[1]

The Clerk of Court is respectfully directed to enter judgment, mail a copy of this Memorandum and Order to the Plaintiff, and note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

                                                     */s/ NRM*
                                                NINA R. MORRISON
                                                United States District Judge

Dated:    May 7, 2025
           Brooklyn, New York

---

[1] The Court offers no opinion as to the merits or viability of any state law claim Plaintiff may seek to pursue in state court.